NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 29, 2007[*]
Decided November 30, 2007

**Before**

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-2032

| | |
|---|---|
| JOYCE KOSYLA, <br>   *Plaintiff-Appellant*, <br><br>  *v.* <br><br> CITY OF DES PLAINES and <br> SCHIMKA AUTO WRECKERS, <br>   *Defendants-Appellees*. | Appeal from the United States District <br> Court for the Northern District of Illinois, <br> Eastern Division <br><br> No. 03 C 4990 <br><br> Wayne R. Andersen, <br> *Judge*. |

**O R D E R**

The City of Des Plaines ticketed Joyce Kosyla's Lincoln Town Car numerous times for failing to display a city vehicle sticker. When Kosyla did not pay her tickets, the city placed a "boot" on the car, which was legally parked in the lot adjoining her condominium, and then had it towed and impounded. Although Kosyla resolved the tickets, she never claimed her car, which was later junked. Kosyla sued under 42 U.S.C. § 1983, claiming that the city and the company that

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

towed the car, Schimka Auto Wreckers, had violated her Fourth and Fourteenth Amendment rights to be free from unreasonable seizures. The case proceeded to trial, and the district court directed a verdict in favor of the City and Schimka after finding no violation of Kosyla's rights. Kosyla appeals, and we affirm.

Kosyla first argues that the district court erred when it determined that the police had the right, pursuant to an agreement with the condominium association, to enter the parking lot without a warrant. But the agreement is irrelevant. Kosyla did not have a reasonable expectation of privacy in the parking lot, which is a common area that she shares with other tenants. *See, e.g., United States v. Villegas,* 495 F.3d 761, 767-68 (7th Cir. 2007) (holding that defendants lacked a reasonable expectation of privacy in common area of residential building); *United States v. Boden*, 854 F.2d 983, 990 (7th Cir. 1988) (holding common areas of a storage facility not entitled to reasonable expectation of privacy because any tenant could invite anyone in); *United States v. Cruz Pagan*, 537 F.2d 554, 557-58 (1st Cir. 1976) (holding no reasonable expectation of privacy in an underground parking garage attached to a condominium complex).

Kosyla next argues that the warrantless booting and impounding of her car constituted unreasonable seizures. This argument also fails. The standard for whether a seizure survives constitutional scrutiny is reasonableness, not merely whether officers had a warrant. *Soldal v. Cook County*, 506 U.S. 56, 71 (1992). Police may seize vehicles without a warrant so long as they have probable cause to believe the vehicle is subject to seizure. For example, police may seize a vehicle without a warrant if they have probable cause to believe it is subject to civil forfeiture for drug violations. *Florida v. White*, 526 U.S. 559, 561 (1999); *see also United States v. Pace*, 898 F.2d 1218, 1241-42 (7th Cir. 1990). Similarly, seizing cars to satisfy a tax debt, absent an invasion of privacy, does not require a warrant. *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 352 (1977).

There is no question that Kosyla's car was subject to seizure. Illinois law grants municipalities the power to establish a program of vehicle immobilization. *See* 625 ILCS 5/11-208.3(C). The Des Plaines Municipal Code § 7-9-2 authorizes the city to boot a vehicle with more than five outstanding tickets or $100 in outstanding fines after the owner has received 21 days' prior notice, and § 7-9-3 authorizes the city to tow a car after it has been immobilized for 24 hours. Kosyla does not allege that the city failed to follow this procedure. After the car had been immobilized, police waited a week to tow the car. The officer who called for the tow also testified to her personal knowledge of the car's ticketing history. The police had probable cause to believe that the vehicle was subject to impound under the municipal code, then, and no warrant was needed to seize the car.

Because we can find no constitutional violation, we need not consider whether Schimka acted under color of state law.

AFFIRMED.